UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
Case No. _____

HEIDY LOPEZ, and other similarly situated )
individuals, )
                                                                                     )
            Plaintiffs, )
                                              )
v. )
                                              )
AUTO WAX OF SOUTH FLORIDA INC )
and JAVIER MALDONADO, )
                                              )
           Defendants. )
_____)

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiff Heidy Lopez ("Plaintiff") and other similarly situated individuals sue defendants Auto Wax of South Florida Inc (the "Corporate Defendant") and Javier Maldonado (the "Individual Defendant") (collectively, "Defendants") and allege:

## JURISDICTION

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States[1]. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

---

[1] Plaintiff will file a charge of discrimination with the EEOC. Once the EEOC issues its right to sue, Plaintiff will seek to amend this complaint to include counts relating to pregnancy discrimination and retaliation.



1

**VENUE**

2. Plaintiff is a resident of Palm Beach County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendants are a Florida company and a Florida resident, respectively. They do business in Palm Beach County, Florida where Plaintiff worked for Defendants. They have multiple locations nationwide and their main office is in Palm Beach County, Florida. At all times material hereto, Defendants were and are engaged in interstate commerce. The Individual Defendant, upon information and belief, resides in Palm Beach County, Florida.

**COUNT I: OVERTIME
VIOLATIONS BY THE CORPORATE DEFENDANT**

4. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1-3 above as if set out in full herein.

5. This action is brought by Plaintiff and those similarly situated to recover from the Corporate Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq.

6. Section 207(a)(1) of the Act states: "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

7. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendant operated as an organization which sells and/or markets its services and/or goods to customers from



throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.  Upon information and belief, the annual gross revenue of the Corporate Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiffs and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

8. By reason of the foregoing, the Corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 203(r) and 203(s) of the Act and/or Plaintiff and those similarly situated were and/or are engaged in interstate commerce for the Corporate Defendant. The Corporate Defendant's business activities involve those to which the Act applies.

9. The Corporate Defendant is a company that offers car wash services, porter services, valet services, and detailing services to multiple car dealerships in Florida and nationwide.

10. The Corporate Defendant, through its business activity, affects interstate commerce. Plaintiff's work for the Corporate Defendant likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendant as a car washer/detailer for the Corporate Defendant's business.

11. Plaintiff worked for the Corporate Defendant in different dealerships.



3

12. Plaintiff worked for the Corporate Defendant from on or about November 7, 2019 through her wrongful termination on September 24, 2020.

13. While employed by the Corporate Defendant, Plaintiff worked 60-70 hours per week without being compensated at the rate of not less than one- and one-half times the regular rate at which she was employed.

14. Plaintiff observed all similarly situated car washers/ detailers who performed the same or similar duties as her to also work over forty hours per week without being compensated overtime at time-and-one-half their regular rate.

15. Corporate Defendant does not pay overtime to its car washers/detailers.

16. In total, Plaintiff worked approximately 46 compensable weeks under the Act, or 46 compensable weeks if counted 3 years back from the filing of the instant action.

17. The Corporate Defendant paid Plaintiff approximately $90 per day and she worked 5-7 days per week. Thus, Corporate Defendant paid Plaintiff anywhere from $450 to $630 per week.

18. The Corporate Defendant did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 40 per week.

19. Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

20. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of her unpaid overtime wages is as follows:



a. **Total Unpaid Wages: $600** (approximate weekly wages) **/ 70** (approximate weekly hours) = **$8.57** (hourly pay) x **.5** (overtime rate) x **30** (approximate number of overtime hours) x **46** (compensable weeks) = **$5,913.30**

b. **Liquidated Damages: $5,913.30**

c. **Total Damages: $11,826.60, plus reasonable attorney's fees and costs.**

21. At all times material hereto, the Corporate Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Corporate Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendant who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendant and were not properly paid wages and time and one half of their regular rate of pay for all overtime hours worked in excess of forty hour per week.

22. Plaintiffs intends to join all those similarly situated employees in Florida and nationwide in this action. To the extent the Corporate Defendant is an affiliate or a subsidiary of a parent company, Plaintiffs intend to join those entities as defendants should discovery reveal that the practices complained of in this Complaint are systematically applied throughout Florida and the nation.



23. In addition, should discovery show that Corporate Defendant failed to pay minimum wages to Plaintiff, Plaintiff reserves her right to amend her complaint to include those violations.

24. The Corporate Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employees' employment with the Corporate Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. The Corporate Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

25. The Corporate Defendant willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

26. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and in any possible collective/class action that may ensue from the filing of this action. Plaintiff is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Corporate Defendant on the basis of the Corporate Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and



B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief, as this Court deems equitable and just.

**COUNT II: WAGE AND HOUR VIOLATION BY THE INDIVIDUAL DEFENDANT**

27. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-26 above as if set out in full herein.

28. At the times mentioned, the Individual Defendant was, and is now, the owner and corporate officer of the Corporate Defendant. The Individual Defendant was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act in that this defendant acted directly or indirectly in the interests of the Corporate Defendant in relation to the employees of the Corporate Defendant, including Plaintiff and others similarly situated. The Individual Defendant had operational control of the Corporate Defendant, was involved in the day-to-day functions of the Corporate Defendant, provided Plaintiff with her work schedule, and is jointly liable for Plaintiffs' damages.

29. The Individual Defendant is and was at all times relevant a person in control of the Corporate Defendant's financial affairs and can cause the Corporate Defendant to compensate (or not to compensate) its employees in accordance with the Act.

30. The Individual Defendant willfully and intentionally caused Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and remains



owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

31. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Individual Defendant on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief, as this Court deems equitable and just.

Dated: October 12, 2020.

Respectfully submitted,

By: /s/ Tanesha W. Blye
Tanesha W. Blye, Esquire
Fla. Bar No.: 738158
Email: tblye@saenzanderson.com
Aron Smukler, Esquire
Fla. Bar No.: 297779
Email: asmukler@saenzanderson.com
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com



8

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*

