UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE No. 9:20-cv-81892-RAR

HEIDY LOPEZ, and other similarly
situated individuals,

    Plaintiffs,

v.

AUTO WAX OF SOUTH FLORIDA, INC.,
and JAVIER MALDONADO,

    Defendants.
_____/

**DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTION TO COMPEL ARBITRATION**

Defendants, AUTO WAX OF SOUTH FLORIDA, INC. and JAVIER MALDONADO, move the Court for the entry of an Order staying all discovery pending resolution of Defendants' Motion to Compel Arbitration [D.E. #12], except for discovery related to arbitration, and in support thereof state:

Plaintiff is seeking to take the depositions of Defendants in this matter and has indicated her intent to propound written discovery on the merits on Defendants. Meanwhile, Defendants contend that Plaintiff consented to arbitration of all claims related to her employment with Defendants, including the claims asserted in this lawsuit, and Defendants do not wish to waive their right to arbitration by engaging in discovery on the merits.

Plaintiff denies that the signature on the arbitration agreement is hers [D.E. 18-1, ¶5], even though it is identical to her signature on her W-9 and Non-Compete Agreement [D.E. #24-1]. She also alleges that she does "not recall signing any document regarding arbitration" and that she "was not told anything regarding arbitration, and did not know anything about arbitration or what arbitration was until Defendants presented the Arbitration Agreement along with its Motion to Compel Arbitration." [D.E. 18-1, ¶5]. Plaintiff's failure to remember is insufficient to dispute the existence of a valid arbitration agreement. *Melver v. Check 'N Go of Florida, Inc.*, No. 13-20528-CIV, 2013 WL 12148376, at *2 (S.D. Fla. July 22, 2013). In light of this landscape and the high likelihood that Plaintiff's claims will be compelled to arbitration, a stay of discovery would be appropriate to conserve judicial and party resources.

## ARGUMENT

### 1. Discovery Should Be Stayed Pending Ruling on Defendants' motion to Compel Arbitration

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigations." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). This includes broad discretion in determining how to manage pretrial discovery matters. *See, e.g., Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997) (citation omitted)

(overturning order to compel discovery for a failure to rule on the motion to dismiss first); *Perez v. Miami-Dade County.*, 297 F.3d 1255, 1263 (11th Cir. 2002) ("broad discretion in managing pretrial discovery matters").

The Eleventh Circuit "emphasizes the responsibility of trial courts to manage pretrial discovery in order to avoid a massive waste of judicial and private resources and a loss of society's confidence in the court's ability to administer justice." *Perez*, 297 F.3d at 1263 (internal quotation marks omitted). This includes "[g]ranting a discovery stay until an impending motion to dismiss is resolved." *Rivas v. Bank of New York Mellon*, 676 Fed. App'x. 926, 932 (11th Cir. 2017); *see also Borislow v. Canaccord Genuity Group. Inc.*, Case No. 14-80134-CIV, 2014 WL 12580035, at *1 (S.D. Fla. June 24, 2014) (granting stay; a district court's "authority encompasses a stay of discovery pending the resolution of a dispositive motion") (citation omitted).

The Eleventh Circuit repeatedly has instructed district courts that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on a failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama*, 123 F.3d at 1367–68; *Bufkin v. Scottrade, Inc.*, No. 19-12003, 2020 WL 2043393, at *2 (11th Cir. Apr. 28, 2020) (finding a stay of discovery appropriate given the potential for the claims against one party to be resolved in the motion to compel arbitration and claims against the other party to be resolved in the motion to dismiss).

In determining whether to grant a stay, courts generally examine whether a stay will: (1) reduce the burden of litigation on the court and the parties, simplify the issues, and streamline the trial; and (2) unduly prejudice or tactically disadvantage the non-moving party. *See Coatney v. Synchrony Bank*, No. 6:16-cv-389-Orl-22TBS, 2016 WL 4506315, at *1 (M.D. Fla. Aug. 2, 2016). It is appropriate to stay discovery where a "movant shows 'good cause and reasonableness.'" *Tradex Global Master Fund SPC Ltd. v. Palm Beach Capital Mgmt.*, LLC, No. 09-21622-CIV-MORENO, 2009 WL 10664410 (S.D. Fla. Nov. 24, 2009) (citation omitted). These factors weigh in favor of granting a stay of discovery here, as detailed below.

A. **Discovery Should Be Stayed Because Resolution of Defendants' Motion to Compel Arbitration Will Eliminate or Reduce the Discovery Burden and Streamline the Issues**

"Allowing a case to proceed through the pretrial processes with an invalid claim that increases the cost of the case does nothing but waste the resources of the litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system." *Chudasama*, 123 F.3d at 1368. The Eleventh Circuit has explained that "eliminating non-meritorious claims for relief that unnecessarily broaden the scope of discovery" avoids "significant costs to the parties, the court and other litigants." *Id.* at 1370.

To assess the likelihood that a motion will narrow discovery, courts take a "preliminary peek" at the merits of the motion. *Bufkin*, 2020 WL

2043393, at *2 (affirming stay after a "preliminary peek" at the merits of motions to compel the claims to arbitration and to dismiss the claims); *Borislow*, 2014 WL 12580035, at *1 (granting stay where "[t]he Court's review . . . leaves it with the concern that Plaintiff's defamation claim may be legally deficient").

### i.      **Plaintiff's Claims Are Subject to Arbitration**

Plaintiff filed a two-count complaint against Defendants for alleged violations of the Fair Labor Standards Act ("FLSA") [E.D. #1]. As asserted in Defendants' Motion to Compel Arbitration [D.E. #12], all of these claims are subject to individual arbitration. [*Id.*, pp. 3-4].    Plaintiff entered into an Arbitration Agreement, containing a mandatory arbitration provision, jury trial waiver, and class/collective action waiver provision. [D.E. #12-1].

Requiring Defendants to participate in any discovery before the arbitrability determination is made is violative of public policy and the Federal Arbitration Act ("FAA"). Specifically, engaging in discovery while a motion to compel arbitration is pending defeats the very purpose of such motion and the arbitration clause itself. In recognition of the cost savings associated with arbitration, the FAA mandates a stay of judicial proceedings where a plaintiff files a lawsuit in the face of a binding arbitration clause. *See* 9 U.S.C. § 3 (if issue is referable to arbitration, the court must stay the action until the arbitration is conducted); *see also Seaboard Coastline Railroad Co. v. National Rail Passenger Corp.*, 554 F.2d 657 (5th Cir.1977) (strong federal

policy to encourage arbitration and to relieve congestion in courts); *Niven v. Dean Witter Reynolds, Inc.*, 1985 WL 5802, at *1 (M.D. Fla. 1985) (denying plaintiff's motion requesting that discovery matters be resolved by the court, and stating that "[s]uch double-barreled discovery would almost inevitably frustrate one of the purposes underlying arbitration, namely, the inexpensive and expedient resolution of disputes and the easing of court congestion").

Finally, if discovery is not stayed during the pendency of the Motion, Defendants are left with a Hobson's choice-facing potential involuntary waiver of their bargained for right to arbitration, or a motion to compel and itinerate sanctions for failing to participate in discovery. *See Stone v. E.F. Hutton & Co.*, 898 F.2d 1542, 1543 (11th Cir.1990) ("The use of pre-trial discovery procedures by a party seeking arbitration may sufficiently prejudice the legal position of an opposing party so as to constitute a waiver of the party's right to arbitration."). Early notice of a defendant's intent to exercise its arbitration rights, as Defendants gave here, is key because it allows the court to "manage the litigation with this contingency in mind." *Gutierrez v. Wells Fargo Bank, NA*, 889 F.3d 1230, 1236 (11th Cir. 2018). "For example, if the court knows a party has potential arbitration rights that could throw the case out of court, it can limit the scope of early discovery with this possibility in view, in order to avoid significant expenditures if it turns out that the arbitration provision governs." Id. at 1236–37.

### ii. Plaintiff's Will Not Be Prejudiced by the Requested Stay

Plaintiff will not be prejudiced by the stay of discovery, which weighs in favor of a stay. As the Eleventh Circuit explained, "neither the parties nor the court have any need for discovery before the court rules on the motion" to dismiss. *Chudasama*, 123 F.3d at 1367 (citations omitted). As numerous courts have acknowledged, a plaintiff is not prejudiced because "should the case proceed, Plaintiff w[ould] have ample opportunity to conduct discovery." *Pierce v. State Farm Mutual Auto. Ins. Co., No. 14-22691-CIV-WILLIAMS, 2014 WL 12528362, at *1 (S.D. Fla. Dec. 10, 2014)*; *see also Borislow*, 2014 WL 12580035, at *1 (holding that plaintiff could not "reasonably claim prejudice" because "any discovery to which Plaintiff may ultimately be entitled will be available following the stay").

As Defendants' Motion invokes the sufficiency of Plaintiff's allegations, no discovery is required for the Court to resolve it. Moreover, this case is still in its early stages and a brief stay of discovery will not prejudice either party.

### CONCLUSION

For all the above reasons, Defendants respectfully request the Court grant a stay of discovery pending a ruling on Defendants' Motion, except for discovery related to the arbitration issue.

## COMPLIANCE WITH LOCAL RULE 7.1

Pursuant to Local Rule 7.1(a)(3)(A) the undersigned certifies that on 1/20/21, she conferred with Plaintiff's counsel via email about the relief sought by this motion was advised that Plaintiff objects to Defendants' motion.

Dated: January 21, 2021.

                Respectfully Submitted,

                        /s/ Juliana Gonzalez
                        Fla. Bar No. 54660
                        MG Legal Group, P.A.
                        3126 Center Street
                        Coconut Grove, FL 33133
                        Tel. (305) 448-9557
                        Fax. (305) 448-9559
                        juliana@ljmpalaw.com
                        office@mglegalgroup.com

                        *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF; and that the foregoing document is served on this 21st day of January, 2021, to all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of the notices of Electronic Filing generated by the CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

  Respectfully Submitted,

    /s/ Juliana Gonzalez
    Fla. Bar No. 54660
    MG Legal Group, P.A.
    3126 Center Street
    Coconut Grove, FL 33133
    Tel. (305) 448-9557
    Fax. (305) 448-9559
    juliana@ljmpalaw.com
    office@mglegalgroup.com

    *Counsel for Defendants*

**SERVICE LIST**

R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
msaenz@saenzanderson.com
Tanesha W. Blye, Esq.
Fla. Bar No. 738158
tblye@saenzanderson.com
Aron Smukler, Esq.
Fla. Bar No. 297779
asmukler@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549

*Counsel for Plaintiff*
*Service via CM/ECF*