UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE No. 9:20-cv-81892-RAR

HEIDY LOPEZ, and other similarly
situated individuals,

    Plaintiffs,

v.

AUTO WAX OF SOUTH FLORIDA, INC.,
and JAVIER MALDONADO,

    Defendants.

_____/

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTION TO COMPEL ARBITRATION**

Defendants, AUTO WAX OF SOUTH FLORIDA, INC. and JAVIER MALDONADO, filed their Reply to Plaintiff's Response in Opposition to Defendants' Motion to Stay Discovery [D.E. #36], and state:

**1. Defendants Complied With Court Orders and Rules of Procedure**:

Plaintiff insinuates that Defendants have actively participated in the case by filing a Joint Scheduling Report, Status Report, Response to Plaintiff's Statement of Claim, and attending a Settlement Conference (Plaintiff's Response at p. 1), but these actions were all required by orders of the Court or the rules of procedure, and Defendants would have faced severe consequences by failing to comply.

Defendants have been consistent in their position that this matter is subject to arbitration even before entering an appearance in the case. On 11/10/20, the undersigned contacted Plaintiff's counsel to confer regarding Plaintiff's agreement to arbitrate all employment matters and Defendants' intention of moving to compel arbitration. Consistent with this position, Defendants' first pleading in this case was their Motion to Compel Arbitration filed on 11/12/20 [D.E. #12]. The Court issued is Scheduling Order three weeks later on 12/02/20 [D.E. #19]. There is nothing improper about requesting a stay of discovery after an initial scheduling order has been entered, and indeed, moving for a stay before would have been premature. *See Blankumsee v. Graham*, No. PWG-15-3495, 2016 WL 6837142, at *3 (D. Md. Nov. 17, 2016) ("A stay of discovery, however, is unnecessary at this time, as a scheduling order has not issued."). From the very beginning Defendants have limited their actions in this matter solely to what has been required by Court Orders and/or rules of procedure and have taken all possible precautions to avoid doing anything that could be interpreted as a waiver of arbitration.

2. **The Parties Had Not Engaged In Written Discovery Prior to Defendants' Motion to Stay Discovery**:

Plaintiff argues that Defendants' Motion should be denied because Defendants did not argue that the discovery propounded was unusually burdensome [D.E. #26, pp. 3-4]. This argument is based on a faulty premise

as Plaintiff propounded written discovery upon Defendants the day after Defendants filed their Defendants' Motion to Stay Discovery. Prior to that, Plaintiff had only asked to take the deposition of both Defendants and had indicated her intentions to propound written discovery. Defendants are not prescient and could not have anticipated whether Plaintiff's discovery would be burdensome. Nevertheless, Plaintiff reliance in *Flecha v. Neighbors Moving Services, Inc.*, 944 F. Supp. 2d 1201 (S.D. Fla. 2013) for the proposition that a defendant must show that discovery is burdensome for a stay to apply is misplaced, as the plaintiff in *Flecha* stipulated that "by participating in discovery now, the *Defendant will not waive its right to arbitrate* if the Court finds the arbitration agreement unenforceable." (Emphasis added). Plaintiffs in this case have not offered to stipulate that Defendants would not waive arbitration if they engaged in discovery, which is Defendants' chief concern and the main basis for their Motion to Stay Discovery.

## **CONCLUSION**

Based on the above and the reasons stated in their Motion to Stay Discovery, Defendants' respectfully ask that their motion be granted.

Respectfully Submitted,

/s/ Juliana Gonzalez
Fla. Bar No. 54660
MG Legal Group, P.A.
3126 Center Street
Coconut Grove, FL 33133
Tel. (305) 448-9557
Fax. (305) 448-9559
juliana@ljmpalaw.com
office@mglegalgroup.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF; and that the foregoing document is served on this 11th day of February, 2021, to all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of the notices of Electronic Filing generated by the CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

     Respectfully Submitted,

/s/ Juliana Gonzalez
Fla. Bar No. 54660
MG Legal Group, P.A.
3126 Center Street
Coconut Grove, FL 33133
Tel. (305) 448-9557
Fax. (305) 448-9559
juliana@ljmpalaw.com
office@mglegalgroup.com

*Counsel for Defendants*

## SERVICE LIST

R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
msaenz@saenzanderson.com
Tanesha W. Blye, Esq.
Fla. Bar No. 738158
tblye@saenzanderson.com
Aron Smukler, Esq.
Fla. Bar No. 297779
asmukler@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549

*Counsel for Plaintiff*
*Service via CM/ECF*