UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE No. 9:20-cv-81892-RAR

HEIDY LOPEZ, and other similarly
situated individuals,

    Plaintiffs,

v.

AUTO WAX OF SOUTH FLORIDA, INC.,
and JAVIER MALDONADO,

    Defendants.
_____/

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Defendants, AUTO WAX OF SOUTH FLORIDA, INC. and JAVIER MALDONADO, pursuant to Rule 26 of the Federal Rules of Civil Procedure and Local Rule 26.1(g)(3), respectfully move the Court for the entry of an Order to protect Defendants from having to respond to Plaintiff's discovery requests, and in support thereof state:

### PROCEDURAL BACKGROUND

Defendants' position from the inception of this matter is that this case must be decided in arbitration instead of Court. Defendants moved to compel arbitration on November 12, 2020 [D.E. #12] and that motion was fully briefed on December 7, 2020. Additionally, Defendants moved for a Stay in Discovery on January 21, 2021 [D.E. #35] and that motion was fully briefed

on February 11, 2021. At the time when Defendants moved to stay discovery, the parties had not engaged in discovery yet. The day after Defendants filed their motion, Plaintiff propounded written discovery to Defendants, to wit: Plaintiff's First Set of Interrogatories Propounded on the Corporate Defendant, Plaintiff's First Set of Interrogatories Propounded on the Individual Defendant, Plaintiff's First Request for Production Propounded on the Corporate Defendant, Plaintiff's First Request for Production Propounded on the Individual Defendant, Plaintiff's First Request for Admissions Propounded on the Corporate Defendants, and Plaintiff's First Request for Admissions Propounded on the Individual Defendant. With Defendants' motions to compel arbitration and to stay discovery pending, good cause exists to protect Defendants from responding to the propounded discovery. Allowing Plaintiff to proceed with discovery while Defendants' motions are pending would defeat the purpose of seeking the stay and prevent Defendants from waiving their right to arbitration. Accordingly, Defendants request that the Court enter an Order protecting them from having to respond to discovery until the Court decides Defendants' Motion to Compel Arbitration, currently pending before the Court.

## ARGUMENT

Federal district courts have broad discretion to control their dockets, including to enter protective orders limiting or governing the timing of discovery. *Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1263 (11th Cir. 2002).

Under Rule 26 of the Federal Rules of Civil Procedure, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including [by] forbidding the disclosure or discovery[.]" Rule 26, Fed. R. Civ. P. To evaluate whether good cause exists to issue a protective order, a court balances the non-moving party's interest in the discovery against the proffered harm that the moving party would face. *See Dude v. Congress Plaza, LLC*, No. 17-80522-CIV-Marra/Matthewman, 2019 WL 3937974, at *2 (S.D. Fla. Aug. 20, 2019). If a party establishes good cause to prevent discovery, the court should issue a protective order under Rule 26(c) to "ensure that the discovery process is [not] manipulated in furtherance of any improper purposes." *Pinilla v. Northwings Accessories Corp.*, No. 07-21564-CIV, 2007 WL 2826608 at 4 (S.D. Fla. Sept. 25, 2007). Here, good cause exists for entry of an order preventing any discovery until the resolution of Defendants' pending Motion to Compel Arbitration.

If this Court grants Defendants' Motion to Compel Arbitration, the need for discovery will become moot, and thus, public policy considerations support this Court staying discovery as time and attorney fees might be unnecessarily wasted if the parties are required to engage in discovery prior to the Court's ruling on Defendant's pending motions. Without a protective order, Defendants would be forced to incur excessive and unnecessary legal fees and costs associated with compiling facts, documents, and preparing the

- 3 -

relevant objections and responses for claims that are likely to be sent to arbiratation. *See Seaway Two Corp. v. Deutsche Lufthansa Aktiengesellschaft*, No. 06-20993-CIV-ALTONAGA/Turnoff, 2006 WL 8433652, at *1 (S.D. Fla. Nov. 11, 2006) (granting a protective order pending resolution of motions to dismiss and to stay discovery because "the burden and expense of discovery outweigh its potential benefits"). This risk alone is good cause to grant a protective order.

In recognition of the cost savings associated with arbitration, the Federal Arbitration Act ("FAA") mandates a stay of judicial proceedings where a plaintiff files a lawsuit in the face of a binding arbitration clause. *See* 9 U.S.C. § 3 (if issue is referable to arbitration, the court must stay the action until the arbitration is conducted); *see also Seaboard Coastline Railroad Co. v. National Rail Passenger Corp.*, 554 F.2d 657 (5th Cir.1977) (strong federal policy to encourage arbitration and to relieve congestion in courts); *Niven v. Dean Witter Reynolds, Inc.*, 1985 WL 5802, *1 (M.D. Fla. 1985) (denying plaintiff's motion requesting that discovery matters be resolved by the court, and stating that "[s]uch double-barreled discovery would almost inevitably frustrate one of the purposes underlying arbitration, namely, the inexpensive and expedient resolution of disputes and the easing of court congestion"). Furthermore, Courts should stay discovery pending resolution of a motion to compel arbitration. *Suarez-Valdez v. Shearson Lehman/American Exp., Inc.*,

858 F.2d 648, 649 (11th Cir. 1988) (district court erred in refusing to stay discovery).

Moreover, protecting Defendants from participating in discovery before an arbitrability determination is consistent with public policy and the Federal Arbitration Act. Otherwise, Defendants would be forced to participate in the litigation, which undermines its bargained for right to arbitration. *See, e.g.*, *Stone v. E.F. Hutton & Co.*, 898 F.2d 1542, 1543 (11th Cir.1990) ("The use of pre-trial discovery procedures by a party seeking arbitration may sufficiently prejudice the legal position of an opposing party so as to constitute a waiver of the party's right to arbitration."). Protection from discovery is precisely the type of relief envisioned in these situations for parties that provide the court with early notice of their intent to exercise arbitration rights, as Defendants did here from the inception of this case. *See Gutierrez v. Wells Fargo Bank, NA*, 889 F.3d 1230, 1236–37 (11th Cir. 2018) (explaining that "early notice allows the Court to manage the litigation with this contingency in mind" by, for example, "limit[ing] the scope of early discovery . . . in order to avoid significant expenditures if it turns out that the arbitration provision governs"). Therefore, good cause exists for multiple reasons that support the Court's issuance of a protective order preventing Defendants from having to respond to Plaintiffs' discovery requests.  This is consistent with Eleventh Circuit precedent, which "emphasizes the responsibility of trial courts to manage pretrial discovery in order to avoid a

massive waste of judicial and private resources and a loss of society's confidence in the court's ability to administer justice." *Perez*, 297 F.3d at 1263 (internal quotation marks omitted); s*ee also Moore v. Potter*, 141 F. App'x. 803, 807–08 (11th Cir. 2005) (upholding discovery stay and protective order until ruling on pending motion to dismiss). Therefore, these considerations weigh heavily in favor of protecting Defendants from all discovery until Defendants' pending motions are resolved.

## CONCLUSION

For all the above reasons, Defendants respectfully request the Court enter an Order protecting them from having to respond to Plaintiff's discovery, specifically to Plaintiff's First Set of Interrogatories, First Request for Production, and First Request for Admissions directed to Auto Wax and Maldonado.

## COMPLIANCE WITH LOCAL RULE 7.1

Pursuant to Local Rule 7.1(a)(3)(A) the undersigned certifies that on 2/17/21, she conferred with Plaintiff's counsel via email about the relief sought by this motion and was advised that Plaintiff objects to Defendants' motion.

- 7 -

Respectfully Submitted,

/s/ Juliana Gonzalez
Fla. Bar No. 54660
MG Legal Group, P.A.
3126 Center Street
Coconut Grove, FL 33133
Tel. (305) 448-9557
Fax. (305) 448-9559
juliana@ljmpalaw.com
office@mglegalgroup.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF; and that the foregoing document is served on this 18th day of February, 2021, to all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of the notices of Electronic Filing generated by the CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully Submitted,

/s/ Juliana Gonzalez
Fla. Bar No. 54660
MG Legal Group, P.A.
3126 Center Street
Coconut Grove, FL 33133
Tel. (305) 448-9557
Fax. (305) 448-9559
juliana@ljmpalaw.com
office@mglegalgroup.com

*Counsel for Defendants*

**SERVICE LIST**

R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
msaenz@saenzanderson.com
Tanesha W. Blye, Esq.
Fla. Bar No. 738158
tblye@saenzanderson.com
Aron Smukler, Esq.
Fla. Bar No. 297779
asmukler@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549

*Counsel for Plaintiff*
*Service via CM/ECF*